# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CONSOL PENNSYLVANIA COAL COMPANY, LLC,**
**Employer Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-92**      (BOR Appeal No.: 2058101)
                              (JCN: 20220004892)

**JASON HEWITT,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION


Petitioner CONSOL Pennsylvania Coal Company, LLC,[1] appeals the August 19, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Jason Hewitt did not file a response.[2] Petitioner did not file a reply brief.

The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order reversing the claim administrator's decision and holding the claim compensable for a right knee sprain. The claim administrator denied compensability of Mr. Hewitt's right knee sprain by order entered on September 22, 2021. The OOJ reversed the claim administrator's order on March 25, 2022. The order was affirmed by the Board on August 19, 2022.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter for further proceedings consistent with this decision.

---

[1] For reasons not readily apparent in the appendix record, the parties have added "Bailey Mine Dry Ridge" and "East Coast Risk Management, LLC" to the employer's name, which was identified below as "CONSOL Pennsylvania Coal Company, LLC." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, Nos. 20-0537 & 21-0944, 2022 WL 16646484, at *1 n.1 (W. Va. Nov. 3, 2022), we use the name of the employer designated in the order on appeal: CONSOL Pennsylvania Coal Company, LLC.

[2] Petitioner is represented by Toni J. Williams, Esq.

On September 2, 2021, Mr. Hewitt, a coal miner, tripped as he was walking towards a pump while at work and experienced pain in his right knee. Mr. Hewitt presented to Washington Health Systems and was diagnosed with a right knee sprain. The following day, the employer filled out an Employer's Report of Occupational Injury Form, which indicated that Mr. Hewitt tripped while at work and had sustained a sprain/strain injury. The employer noted that Mr. Hewitt had a history of prior injury to this knee and had undergone an MRI as recently as a month prior. As such, the employer questioned the instant injury. On September 5, 2021, Mr. Hewitt underwent an MRI of the right knee which demonstrated that "there was [a] truncation of the body into the posterior horn of the medial meniscus that could be post-meniscectomy change or tearing." There were also "trace effusion and cartilage abnormalities which were most pronounced in the patella-femoral and medial compartments." Subsequently, an addendum was issued wherein Mr. Hewitt's MRI performed on July 26, 2021, was compared to the MRI performed on September 5, 2021. It was noted that the images had not significantly changed but that there were new cartilage abnormalities in the patella, including a fissure of the medial facet. By order dated September 22, 2021, the claim administrator rejected the claim, citing medical documentation and preexisting medical treatment regarding the same body part. Mr. Hewitt protested the order.

In response to Mr. Hewitt's protest, the employer submitted several medical reports indicative of a preexisting condition. A report from March of 2020 indicated that Mr. Hewitt felt a pop in his right knee while getting into his pickup truck and reported pain, stiffness, and swelling in his knee. An MRI was ordered and showed "advanced degenerative signal of the medial meniscal posterior horn associated with a large suprapatellar effusion." Reports from March of 2020 through May of 2020 demonstrated that Mr. Hewitt treated with Justin A. Zenner, D.O., who observed the MRI and saw a torn posterior horn of the medial meniscus root and recommended a diagnostic arthroscopy with possible debridement. Mr. Hewitt underwent a right knee partial medial meniscectomy with limited debridement of synovitis on May 29, 2020. The post-operative diagnosis was right knee medial meniscal tear with synovitis, and it was noted that the tear was not reparable. According to additional reports submitted by the employer, Mr. Hewitt made progress with physical therapy and reported being back at "his baseline" around July of 2020.

Another report submitted by the employer, dated July 13, 2021, indicated that Mr. Hewitt presented to Dr. Zenner with complaints of swelling in the right knee. Dr. Zenner assessed degenerative change, history of meniscectomy, and a physical examination consistent with anterior cruciate ligament ("ACL") laxity, and he ordered an MRI, which was performed on July 26, 2021. The MRI showed a "[n]ew complex tear involving the posterior horn of the medial meniscus," a "new grade 2 strain of the anterior cruciate ligament," a "[n]ew subchondral cyst formation," and "[n]ew minimal deep infrapatellar bursitis."

Via closing arguments, the employer argued that the claim administrator properly rejected the claim because Mr. Hewitt's knee complaints were the result of chronic right knee problems. The employer further argued that Mr. Hewitt failed to demonstrate that he sustained a new injury in the course of and as a result of his employment, noting that Mr. Hewitt had undergone treatment and an MRI for his right knee approximately one month prior to the instant incident. The employer stated that, at that time, Dr. Zenner assessed a complex posterior horn medial meniscal tear and a grade two ACL injury. As such, the employer argued that Mr. Hewitt's complaints were unrelated to the incident that allegedly occurred on September 2, 2021.

By order dated March 25, 2022, the Office of Judges ("OOJ") reversed the claim administrator's order and held the claim compensable for a right knee sprain. The OOJ found that the employer failed to refute Mr. Hewitt's statements and the medical reports that indicate Mr. Hewitt suffered a right knee sprain when he fell at work. The employer's report of injury indicated that Mr. Hewitt was diagnosed with a knee sprain for an injury that occurred at work, and the employer did not refute that Mr. Hewitt tripped and fell. The OOJ acknowledged that Mr. Hewitt had preexisting conditions in his right knee but stated that his knee sprain was an acute injury and not a degenerative condition. The OOJ further found that there was no evidence that Mr. Hewitt had a prior knee sprain at the time of the injury. As such, the OOJ concluded that the evidence demonstrated that Mr. Hewitt tripped and fell in the mine and that he suffered a knee sprain superimposed on noncompensable and preexisting conditions, and held the claim compensable for right knee sprain. The Board adopted the findings of fact and conclusions of law of the OOJ and affirmed its March 25, 2022, order on August 19, 2022.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, the employer argues that the lower tribunals erred in reversing the claim administrator's order and holding the claim compensable for a right knee sprain. The employer argues that contrary to the OOJ's findings, it properly refuted Mr. Hewitt's alleged injury. The employer argues that it submitted the Employer's Report of Occupational Injury Form, wherein it attached medical records of Mr. Hewitt's preexisting knee conditions and questioned the causality of the alleged injury. Specifically, the employer noted that approximately one month prior to the alleged injury, Mr. Hewitt was experiencing issues with his right knee and was diagnosed with a new complex tear involving the posterior horn of the medial meniscus, a new grade 2 strain involving the ACL, a new subchondral cyst formation with surrounding edema, new deep infrapatellar bursitis, and joint effusion, among other things. Simply because the employer stated that Mr. Hewitt had been diagnosed with a sprain by medical staff in its initial report did not mean that it was not questioning the injury. Critically, the employer argues that Mr. Hewitt had been diagnosed with a sprain/strain injury related to his ACL and received treatment for the same. The employer contends that Mr. Hewitt did not meet his burden of proving that he sustained a new injury and, rather, the evidence submitted below reveals that it is more likely that Mr. Hewitt's knee complaints are related to his significant preexisting issues. Accordingly, the employer argues that the OOJ erred in finding that there was no evidence that Mr. Hewitt had a prior knee sprain at the time of the injury and in holding the claim compensable.

After review, we vacate the orders of the OOJ and the Board and remand the case for two reasons. First, we remand for further consideration of the facts of this case pursuant to *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016),[3] and *Moore v. ICG Tygart Valley*, LLC, No. 20-0028, -- W. Va. --, 879 S.E.2d 779, 2022 WL 1262269 (W. Va. Apr. 28, 2022).[4] Here, Mr. Hewitt has an extensive history of preexisting medical

---

[3] Per *Gill*:

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

236 W. Va. at 738, 783 S.E.2d at 858, syl. pt. 3.

[4] In Syllabus Point 5 of *Moore*, the Supreme Court of Appeals of West Virginia stated that

(continued . . .)

conditions regarding his right knee, and the OOJ, as affirmed by the Board, failed to perform any analysis under either *Gill* or *Moore* in determining that the claim should be held compensable for a right knee sprain. Second, and crucially, the OOJ failed to analyze the fact that Mr. Hewitt had been diagnosed with an ACL sprain mere weeks prior to the alleged injury, and instead found that "[t]here is no evidence that [Mr. Hewitt] had a prior knee sprain at the time of the injury at issue in this claim." Given that the employer submitted the medical documentation demonstrating that Mr. Hewitt was diagnosed with a sprain injury to his ACL in July of 2021, we find it necessary to remand the case for further consideration of this fact. The record is unclear as to whether this injury had healed or whether the symptoms related to it had resolved prior to the September 2, 2021, alleged work-related injury or whether the September incident constituted a discrete new injury.

We therefore vacate and remand the case to the Board for further consideration and analysis consistent with this memorandum decision.[5] The Clerk is hereby directed to issue the mandate contemporaneously with this memorandum decision.

Vacated and remanded with directions.

---

[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

2022 WL 1262269 at *1.

[5] This case is remanded to the Board in light of West Virginia Code § 23-5-8a(a) (2022), which provides that

[t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in § 23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: *Provided*, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in § 23-5-8b of this code.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen